## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is entered into this ____ day of November, 2015, by and between Aaron Piercy, as Administrator of the Estate of Dale Piercy ("Plaintiff"), and Kelly Wilhelmi, Sheriff of Whiteside County, Illinois ("Sheriff") (which are collectively referred to in this Agreement as the "Parties").

### RECITALS

Plaintiff filed a lawsuit in the United States District Court for the Northern District of Illinois bearing case no. 14-CV-7398, in which, as of the date of this Agreement, Plaintiff has claims pending against, among other persons, Kelly Wilhelmi, individually and in his capacity as Sheriff of Whiteside County. Plaintiff's claims against the Sheriff arise out of Dale Piercy's detention in Whiteside County Jail from September 25, 2013 to October 4, 2013, as is more fully described in Plaintiff's complaint and subsequent amendments thereto.

The Parties, having had the advice of their respective counsel, have determined that it is in their individual and mutual best interests to settle and compromise Plaintiff's claims against the Sheriff, on the terms and conditions set forth in this Agreement, without any admission of fault, liability or wrongdoing on behalf of the Sheriff, or any of his current or former employees or agents.

Accordingly, in mutual consideration of the promises and covenants contained herein this Agreement, the Parties agree as follows:

1. **PAYMENT BY SHERIFF:** The Sheriff shall pay Plaintiff a total settlement amount of $50,000.00 (Fifty Thousand Dollars and No Cents), which will be paid by check payable to "Aaron Piercy, as Administrator of the Estate of Dale Piercy, and Loevy & Loevy" within two weeks of the disposition by the Court of the parties' joint motion for a finding of good faith settlement and a final order of the Probate Court approving this Agreement. The settlement amount shall be allocated entirely to Plaintiff's claim for damages for any physical injuries or physical pain and suffering Dale Piercy may have suffered as

1

a result of the conduct of the Sheriff or any of his current or former employees or agents, from the time Dale Piercy was admitted into Whiteside County Jail on September 25, 2013 until the time he met Nurse Julie Warkins (employed by Advanced Correctional Healthcare) on September 27, 2013 at the Jail.

2. **INTERVIEWS OF WHITESIDE OFFICERS**: The Sheriff will allow Plaintiff's attorneys to interview the current or former corrections officers employed by the Whiteside County Sheriff's Department who were identified in Plaintiff's second amended complaint. The interviews will be conducted in the presence of the officers' attorney(s) and before they are deposed.

3. **RELEASE OF CLAIMS**: In exchange for the payment identified in paragraph 1, Plaintiff, being an adult and otherwise competent and authorized to execute this Agreement, agrees that he does hereby release, acquit, and forever discharge the Sheriff and any current or former employees and agents of the Whiteside County Sheriff's Department, including any current or former corrections officers employed at the Whiteside County Jail, any insurers of Whiteside County, including ICRMT, and any of its subsidiaries, affiliates, joint ventures, parent companies, predecessors-in-interest, successors-in-interest, assigns, as well as past and present principals, executors, directors, partners, members, board members, trustees, agents, attorneys, employees, successors, servants, shareholders, heirs, and volunteers (hereinafter collectively referred to as the "Releasees"), from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of services, expenses and compensation, on account of or in any way growing out of any and all injuries, known or unknown, present or which may be discovered at a future date, arising out of Dale Piercy's detention in Whiteside County Jail in September/October 2013.

3.1. The Parties agree that nothing in this Agreement releases Plaintiff's claims against Advanced Correctional Healthcare or any of its current or former employees, agents, attorneys, insurers, predecessors in interest, and assigns.

Moreover, nothing in this Agreement is intended to affect Plaintiff's claims against Advanced Correctional Healthcare in any way.

3.2. Plaintiff further acknowledges that the release set forth in paragraph 3 of this Agreement covers any and all of Plaintiff's claims and causes of action against the Sheriff or any of his current or former employees or agents for any form of damages, whether compensatory, punitive, statutory, or otherwise, and includes claims and causes of action for all forms of costs, fees (including attorney's fees), or expenses, which have accrued before the date of the execution of this Agreement.

3.3. Plaintiff also acknowledges that the release set forth in paragraph 3 of this Agreement covers and bars any and all potential state or federal claims, causes of action, or legal theories against the Sheriff or any of his current or former employees or agents, whether brought under statute or common law, which have been brought or which could have been brought, regardless of whether Plaintiff discovers additional facts or legal theories after the execution of this Agreement.

4. NO ADMISSION OF WRONGDOING: Plaintiff understands and agrees that this Agreement was reached to settle and compromise uncertain and disputed claims, and that this Agreement and the payment made under this Agreement is not to be construed as an admission of any fault, wrongdoing, or liability on the part of the Sheriff, or any of his current or former employees or agents. The Sheriff and his current or former employees and agents expressly deny any and all fault, wrongdoing, or liability with respect to Dale Piercy's detention in Whiteside County Jail in September/October 2013 and intend merely to avoid the costs and uncertainty of further litigation in this matter. The Parties agree that this Agreement shall not serve as evidence in any proceeding of any wrongdoing by or on the part of the Sheriff or any of his current or former employees or agents. Neither this Agreement nor any of its terms shall be offered or received in evidence in any other action or proceeding or used in any manner

whatsoever by Plaintiff or any third party as an admission or concession of liability or wrongdoing on behalf of the Sheriff or any his current or former employees or agents.

5. DISMISSAL OF CLAIMS AGAINST THE SHERIFF: Plaintiff agrees to execute a stipulation of dismissal, without prejudice, all claims and causes of action pending against the Sheriff on the date that attorneys for the Sheriff certify that they have served via U.S. or certified mail a check made payable to Aaron Piercy, as Administrator of the Estate of Dale Piercy, and Loevy & Loevy for the amount of fifty thousand dollars ($50,000.00). The dismissal without prejudice shall specify that it will automatically convert to a dismissal with prejudice in five (5) days from the date of filing. The Parties agree to cooperate in the execution of any and all documents necessary to give full force and effect to the terms and intent of this Agreement.

6. ATTORNEYS' FEES AND COSTS: The payment made to Plaintiff under this Agreement is in full and final settlement and satisfaction of all claims against the Sheriff and Releasees, expressly including any and all of Plaintiff's attorneys' fees and costs associated with those claims. The payment identified in paragraph 1 of this Agreement fully satisfies any obligation or lien that the Sheriff or Releasees may have to Loevy & Loevy, and any attorney or associate thereof, or any other attorney or law firm that may have previously represented Plaintiff in connection with this litigation as discussed above, for attorneys' fees and costs. The Parties agree that each Party shall bear their respective costs, including any costs associated with experts and attorneys, and including costs related to the negotiation and execution of this Release.

7. INDEMNITY: Plaintiff agrees to indemnify and hold harmless the Sheriff and the Releasees from any and all liens that may have been incurred as a result of Dale Piercy's injuries during his detention in Whiteside County Jail in September/October 2013. Plaintiff's obligations under this paragraph shall not

exceed the amount of funds paid by the Sheriff, minus Plaintiff's attorney fees and costs.

7.1. Further, Plaintiff warrants that he and the Estate of Dale Piercy are the sole owner of the rights and claims asserted against the Sheriff or any of his current or former employees or agents in this lawsuit, and that neither Plaintiff nor the Estate has made any assignment of any of these rights and claims to anyone, including any family member or other persons who may make a claim against the Sheriff or his current or former employees or agents for damages Dale Piercy allegedly suffered in connection with his detention in Whiteside County Jail in September/October 2013.

8. TAX INDEMNIFICATION: Plaintiff acknowledges that no representation has been made by the Sheriff as to the appropriate tax treatment of the payment made to Plaintiff or his attorneys under this Agreement. Further, Plaintiff agrees that he shall be solely responsible for, and promises and agrees to pay, any income or other taxes, interest or penalties owed with respect to the payment referred to in this Agreement, and will indemnify and hold harmless the Sheriff from and against any interest, penalties or taxes as a result of Plaintiff's failure to report and pay any taxes due on any of the payments.

9. CHOICE OF LAW: The Parties agree that this Agreement shall be governed by and construed and interpreted according to the laws of the State of Illinois.

10. ENTIRE AGREEMENT: The Parties agree that all of the terms, conditions, covenants, promises, and warranties by and between the Parties are contained herein this Agreement. Any prior agreements, negotiations, representations, covenants, promises and warranties concerning Plaintiff's claims against the Sheriff or any of the Releasees are merged into this Agreement. If any provision or part of any provision of this Agreement is for any reason held to be invalid, unenforceable or contrary to any public policy, law, statute or

ordinance, then the remainder of the Agreement shall not be affected thereby and shall remain valid and fully enforceable.

11. **PROBATE APPROVAL:** This Agreement is subject to approval by the Probate Division of the Circuit Court of the Fourteenth Judicial Circuit in and for the County of Whiteside, Illinois.

12. **MODIFICATION:** This Agreement may not be modified in any manner, except by duly executed written consent or agreement of all of the Parties.

13. **OTHER:** This release may be executed in multiple counterparts, each of which shall constitute an enforceable original, and all such counterparts shall constitute one and the same agreement. This Release may be executed by PDF or facsimile signatures which shall be binding on the Parties hereto, with original signatures to be delivered as soon as reasonably practical thereafter.

Plaintiff Aaron Piercy, as Administrator of the Estate of Dale Piercy, and Defendant Wilhelmi by execution of this Release, each represents that he has read the entire document before affixing his signature thereto, that he had an opportunity to and did consult with his attorneys prior to the execution thereof, that he fully understands the terms and conditions of this Agreement and is voluntarily and freely executing this Agreement in consideration of the mutual covenants and promises made therein, and that no additional promises, consideration, or payment has been promised to him for executing and signing this Agreement.

AGREED:

_____
Aaron Piercy,
as Administrator of the Estate of Dale Piercy

Date: 11/18/2015

_____
Kelly Wilhelmi, Sheriff of Whiteside County, Illinois

Date: 11-24-15

7