IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AARON PIERCY, | ) |
|         Plaintiff, | ) ) ) |
| vs. | ) No. 14 CV 7398 ) |
| WHITESIDE COUNTY, et. al., | ) Honorable Rebecca Pallmeyer ) ) |
|         Defendants. | ) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Plaintiff, Aaron Piercy, as Administrator of the Estate of Dale Piercy ("Plaintiff"), and Wexford Health Sources, Inc. ("Wexford"). Plaintiff and Wexford are collectively referred to as "the Parties."

## RECITALS

A.    On September 23, 2014, Plaintiff filed this lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Piercy v. Whiteside County, et. al.*, No. 14 CV 7398 ("the Action"), alleging violations by Wexford, its agents, its employees, and other Defendants of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois, and/or the Constitution of the United States of America;

B.    Wexford denies the allegations and denies any statutory, common law, constitutional or regulatory violations;

C.    The Parties wish to settle and compromise the pending Action, thereby terminating this litigation, to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy;



D.     This Agreement is that of the Plaintiff and Wexford and is not intended to compromise Plaintiff's action against any other Defendant to the Action.

## AGREEMENT

**IT IS HEREBY AGREED** by and between the Parties as follows:

1.     In consideration for the full and complete settlement of his claims against Wexford, Wexford agrees to pay Plaintiff the sum of One Million One Hundred Fifty Thousand Dollars and Zero Cents ($1,150,000.00). This amount shall be paid by checks payable to "Aaron Piercy, as Administrator of the Estate of Dale Piercy, and Loevy & Loevy."

2.     To procure the payment of the said sum Plaintiff hereby declares that no representation about the nature and extent of any injuries, disabilities or damages made by any physician, attorney or agent of the Releasees has induced him to execute this Settlement Agreement and Release and that in determining the amount of the said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that other damage may become apparent at some future time, so that consequences not now anticipated may result from said incident, casualty or event.

3.     In exchange for payment of the Settlement Sum, Plaintiff agrees that he does hereby release, acquit, and forever discharge Wexford Health Sources, Inc., and its agents, former and present employees, successors, and heirs and assigns (hereinafter collectively referred to as "Releasees") from any and all claims, actions, causes of action, demands, rights, damages, costs, expenses, and compensation which arose or could have arisen from the facts alleged in the Action that Plaintiff has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement. This Agreement

shall also release the Releasees' claims departments, risk managers, insurance representatives, and attorneys from any claims related to their defense of this claim/lawsuit.

4. The Parties agree that the Settlement Sum is inclusive of costs and attorneys' fees. Plaintiff releases, waives, and relinquishes any claims or rights to additional attorney's fees, costs, and expenses from the Releasees in this Action under 42 U.S.C. § 1988 or any other statute, rule, or common law provision. Nothing about this Settlement Sum shall compromise in any way Plaintiff's or his attorneys' claims to attorney's fees, costs, and expenses from other Defendants in this Action under 42 U.S.C. § 1988 or any other statute, rule, or common law provision.

5. Wexford agrees to pay the Settlement Sum within thirty (30) days of receipt of Probate Court Approval of the Agreement. The Parties agree that within seven (7) business days of Plaintiff's receipt of the Settlement Sum, the Plaintiff shall file a motion to dismiss Wexford from the Action with prejudice, except that under no circumstances shall Plaintiff be required to dismiss Wexford from the Action until Probate Court Approval of the Agreement has occurred.

6. Plaintiff agrees that within seven (7) business days of Plaintiff's receipt of the Agreement signed by all parties, he will move to dismiss the following individuals with prejudice: Dr. Saleh Obaisi, Nurse Lee Redman, Dr. Evaristo Aguinaldo, Dr. Vipin Shah, Dr. Paul Talbott, Dr. Khadeer Ahmed, Dr. Arthur Funk, Melinda Parra, Cynthia Garcia, Kristina Kashirsky, Megan Pinas, Candice Kaminski, Jamie Pitts, Eula Hunt, Athena Rossiter (Raheem), Nurse Tiffany Utke, Jennifer Asante (Coleman), Amy Bartlett, Darrise Hardy, Brandon Wilk, Gerald Dimailig, Valerie Christensen, John Loerop, Marian Andrews, Donna Morris, Rukiya Colone, Lidia Lewandowska, Kisha Liggins, and Mary Jo O'Sullivan.

7. Plaintiff and his attorneys represent that they are not aware of any liens subject to the settlement, including liens by attorneys, hospitals, physicians or governmental entities including but not limited to public aid, social security, Medicare or Medicaid, and that Plaintiff agrees to indemnify, defend, and hold harmless the Releasees in the event that any lien(s) is/are asserted or claimed. Any obligations of Plaintiff under this provision regarding liens not known by Plaintiff to exist on the effective date of this Agreement are contingent on Wexford providing notice of any such claim to Plaintiff within ten (10) business days of the date it becomes aware of it and offering Plaintiff the opportunity to control the defense of the claim. If Wexford becomes aware of any such claim within 90 days from the date that this Agreement is executed, Wexford may provide notice to Loevy & Loevy rather than Plaintiff himself. In no event shall Plaintiff's obligations under this paragraph exceed the Settlement Sum minus Plaintiff's costs and attorney's fees.

8. Plaintiff agrees that the terms and conditions of this Agreement shall remain confidential, except as follows, in which case Plaintiff will make reasonable efforts to obtain confidential treatment by any receiving party:

    (a) as is necessary to dismiss the pending lawsuit;

    (b) as is necessary to effectuate any payment due and any term or provision of the Agreement, including any subsequent litigation to enforce the Agreement;

    (c) to Plaintiff's mother, Cheryl Piercy, Plaintiff's grandparents, Marlyn and Mary Faber and Shirley Piercy, and Plaintiff's future spouse;

    (d) to Plaintiff's employer, Raytheon Missile Systems;

    (ed) to Plaintiff's accountants or attorneys; and

    (fe) as may be required by law or court order.

The Parties acknowledge that Plaintiff must submit this Agreement to the Probate Division of the Circuit Court of the 14th Judicial Circuit in and for the County of Whiteside, Illinois for approval. Plaintiff agrees to make reasonable efforts to file the Agreement under seal before the Probate Court.

9. No promise has been made to pay or give Plaintiff or the Releasees any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations, and warranties, express or implied, oral or written, of the parties hereto concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants, representations, or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous negotiations, possible and alleged agreements, representations, covenants, and warranties between the Parties concerning the subject matter of this Settlement Agreement are merged into this Settlement Agreement. This Agreement contains the entire agreement between the Parties.

10. This Agreement may not be modified in any manner, except by duly executed written consent or agreement of all of the Parties.

11. This Agreement may be executed in multiple counterparts, which collectively shall constitute one original. In addition, signatures by facsimile are deemed acceptable and a photocopy may be used in place of an original for any purpose.

12. All parties agree that this Release shall not be used in any other claim, suit, cause or hearing, except as necessary to effectuate any payment due and any term or provision of the Agreement, including any subsequent litigation to enforce the Agreement, and as may be

required by law or court order. The Parties acknowledge, however, that Plaintiff will submit this Agreement to the Probate Court for approval, as discussed in paragraph 8 above.

13. Plaintiff affirms that to the best of his knowledge, at the time of his death, Dale Piercy was not 65 years of age or older; was not suffering from end stage renal failure; and did not receive Social Security Disability Insurance benefits for 24 months or longer. Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this settlement, Plaintiff agrees to (i) reasonably cooperate with the Releasees upon request with respect to any information needed to satisfy the reporting requirements under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, if applicable, and (ii) waive any and all future actions against the Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) arising out of events alleged to have occurred at Stateville Correctional Center Northern Reception Center as described in Plaintiff's Fourth Amended Complaint.

14. This Release was entered into in good faith based upon arms-length negotiation between the Parties and their counsel. The Release is intended to and shall serve as a bar to all claims for contribution and indemnity.

15. The Parties have entered into this Agreement as a free and voluntary act with full knowledge of its legal consequences. The Parties have not relied on any information or representations which are not contained in this Agreement.

16. Each party acknowledges that it has been advised to consult and has consulted an attorney regarding this Release. Each party acknowledges that the terms, effect and implications

of this document have been fully explained by counsel and that each party fully understands this Release and the effect of signing the agreement.

17. This Agreement shall have no effect on any of Plaintiff's claims or rights against any other Defendants to the Action.

18. If any provision or part of any provision of this Agreement is for any reason held to be invalid, unenforceable, or contrary to any public policy, law, statute, or ordinance, then the remainder of the Agreement shall not be affected thereby and shall remain valid and fully enforceable.

I, _____, have fully explained the terms of the foregoing Settlement Agreement and Release to my client, and he indicated that he fully understands the terms, effect, and implication of affixing her signature hereto. Personally and on behalf of Loevy & Loevy, I acknowledge and agree to the confidentiality provisions of this Agreement.

_____, Esq.

**We have read this Agreement and understand and agree to the terms and conditions contained in it.**

_____  06/13/2016
Aaron Piercy, as Administrator of the  Date
Estate of Dale Piercy, Deceased

On Behalf of Wexford:

_____  _____
                                                       Date