# EXHIBIT A

# THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AARON PIERCY, as Administrator of the Estate of Dale Piercy, <br><br> Plaintiff, <br><br> v. <br><br> Wilhemi, et al. <br><br> Defendants. | No. 14 C 7398 <br><br> Honorable Rebecca R. Pallmeyer <br> Judge Presiding <br><br> Magistrate Judge Susan E. Cox |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement"), is made and entered into by and between the Plaintiff Aaron Piercy, as Administrator of the Estate of Dale Piercy, (hereinafter referred to as "Plaintiff"), and the Defendants Tarry Williams, Michael Lemke, Ricardo Tejeda, Nikki Robinson, Glen Elberson, Royce Brown-Reed, Ester Martin, Joy Vanderweit, Jennifer Encarnacion, Sampson Onwueyi, Sandra Gedminas, Craig Howard, Sarah Mays, Andria Bacot, David Barnes, Naveen Nagpal, Lorna Anders, Wendy Olsen-Foxon, Rebecca Buczkowski, Kimberly Aye, Bryan Sullivan, Alsheena Vaughn, Clarence Egbe, Lieutenant Brown, Herbert Hughey, Gayla Dickerson, Lieutenan Kirk, Philip Martin, Lieutenant Ware, Jeffery Nurse, Lieutenant Williams, Michael Buczkowski, Anthony Davis, Ralph Burkybile, Burnadine Damon, Maciej Tomczyk, Jason Weiner, Kenneth West, Angela Smith, Stephen James, Darrin Atkins, Michael Simmons, Kayla Brown, Lindsay Neill, Randa Uwainat, Johnny Frazier, Kesha Alvarez, Jeffery Clark, Robert Arndt, Sheila Backstrom, Lataya Crawford, Cesar Andrade, Rosalind Allen, Allan Hopkins, Bartholomew Allen, Officer Blair, Derek Anderson, Felicia Walton, Marc Anastacio, Officer Patterson, Stuart Maheia, Louis

Kovach, Steven Selmon, Andrew Strub, Aaron Winters, James Porter, David Seyller, Oliver Henderson, Pedro Dominguez, Tulina Lindsey, Sergio Valle, Eddie Smith, Officer Raines, Robert Peterson, Brian Kierczynski, Ricardo Sarabia, Officer D. Batts, Antoinette Hinton, Officer Thomas, Konrad Boruta, Timothy O'Brien, Ghassan Hanna, Stephen Cornelius, Dorsey Douglas, Patrick McCarthy, Lyndell Fola, Steven Erickson, Officer Mitchell, Kristina Kashirsky, Joanne Warren, and Linda Parisi (hereinafter referred to as "Defendants") and the Illinois Department of Corrections (hereinafter referred to as "IDOC").

## RECITALS

WHEREAS, the Plaintiff filed this lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, entitled *Piercy v. Wilhelmi, et al.*, Number 14 C 7398, (hereinafter referred to as "Action"), alleging violations of rights protected by statute(s), regulation(s), common law, the Constitution of the State of Illinois and/or the Constitution of the United States;

WHEREAS, the Defendants deny the allegations and deny any statutory, common law, constitutional or regulatory violations, and affirmatively state that the Plaintiff has failed to state a claim upon which relief can be granted;

WHEREAS, all Parties agree that neither the fact of this Agreement, nor any term or provision hereof shall be construed as an admission by any party to the Action, the State of Illinois, or the IDOC of the merit or viability of any claims or defenses asserted by any party to the Action, or an admission of liability by any of the Defendants; and

WHEREAS, so as to avoid further expense and in recognition of the positions of the Parties to the above case, the Parties wish to settle and compromise the pending Action, thereby terminating this litigation;

IT IS HEREBY AGREED, by and between the Parties as follows:

1. In consideration for the full and complete settlement of this claim, the Plaintiff shall receive the payment of the sum of one million one hundred fifty thousand dollars ($1,150,000.00) ("Settlement Amount") payable from appropriations to be made to the Illinois Department of Corrections with the draft payable to "Aaron Piercy as Administrator of the Estate of Dale Piercy, and Loevy & Loevy." The Parties understand that the amount payable under this Agreement is subject to state laws governing the State Comptroller's obligation to withhold funds that Dale Piercy may owe to other persons or to state agencies. The validity of those claims may be contested through applicable state procedures. The Parties further understand that payment under this Agreement will not occur until after the IDOC is appropriated a full fiscal year budget. It is expressly agreed that the IDOC and the Office of the Illinois Attorney General waive any right they may have to recover or withhold any portion of the settlement payment hereunder for costs of the decedent's incarceration pursuant to 730 ILCS 5/3-7-6.

2. It is expressly agreed that the Defendants in their individual capacities shall not be responsible for payment of any sum under this Agreement.

3. It is further understood and agreed that the above agreed upon terms are not to be construed as an admission of any liability, such liability having been expressly denied. No inducements or representations have been made by any agent or attorney of any party hereby released as to the legal liability or other responsibility of any party claimed responsible. It is agreed that this release applies to known or unknown injuries, costs, expenses, and/or damages alleged to have been suffered or incurred by the Plaintiff due to the actions or inactions of the Defendants as stated in the Plaintiff's complaint(s) filed in the Action, and is intended to be a full and complete disposition of the entire claim(s) and/or cause(s).

4. The Plaintiff, his heirs, successors and assigns, agrees to release, and hereby releases and forever discharges the Defendants in their individual and official capacities, the IDOC, the State of Illinois, their agents, former and present employees, successors, heirs and assigns and all other persons (hereinafter collectively referred to as "Releasees") from all actions, claims, demands, setoffs, suits, causes of action, controversies, disputes, equitable relief, compensatory and punitive damages, costs and expenses which arose or could have arisen from the facts alleged or claims made in the Action, which the Plaintiff owns, has or may have against the Releasees, whether known or unknown, from the beginning of time until the effective date of this Agreement, including but not limited to, those at law, in tort (including actions under 42 U.S.C. Section 1983) or in equity.

5. The Plaintiff and his attorney release, waive and relinquish any claims or rights to attorney's fees, costs and expenses from the Defendants, the State of Illinois or the IDOC allegedly incurred or due in the Action pursuant to 42 U.S.C. Section 1988, or under any other statute, rule or common law provision.

6. The Parties shall file within 10 days of the full execution of this Agreement a Stipulation to Dismiss the Action without prejudice and without attorney's fees, costs or expenses, to convert to a dismissal with prejudice once the Illinois Comptroller has issued the payment identified in Paragraph 1 above. The Court retains jurisdiction over this case until the issuance of said payment.

7. No promise has been made to pay or give the Plaintiff any greater or further consideration other than as stated in this Agreement. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties hereto concerning the subject matter of this Agreement are contained in this Agreement. No other agreements, covenants,

representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter of this Agreement. All prior and contemporaneous negotiations, possible and alleged agreements, representations, covenants and warranties, between the Parties concerning the subject matter of this Settlement Agreement are merged into this Settlement Agreement. This Agreement contains the entire agreement between the Parties.

8. The Plaintiff enters into this Agreement as a free and voluntary act with full knowledge of its legal consequences. The Plaintiff has not relied upon any information or representations which are not contained in this Agreement.

9. This Agreement shall be construed and interpreted in accordance with the laws of the State of Illinois, without regard to principles of conflict of laws.

10. This Agreement may not be changed, modified or assigned except by the written agreement of the Plaintiff, the IDOC and the Illinois Attorney General.

11. This Agreement shall not be construed to constitute a waiver of the State of Illinois or IDOC's sovereign immunity.

12. The parties expressly agree that settlement and payment in this matter is subject to and conditioned upon the entry of a good-faith finding by the Court pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1, et seq. or the federal common law settlement bar rule. Within 14 days of the full execution of this Agreement, the parties will file a joint Motion for Good-Faith Finding with the Court. Counsel for IDOC will be responsible for drafting this motion and providing a copy to Plaintiff's counsel for review and comment before filing. If the Court fails to make a good-faith finding as to the terms of this Agreement, the Agreement will be considered null and void.

13. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and all counterparts so executed shall constitute one agreement binding on the Parties hereto, notwithstanding that all of the Parties are not signatory to the same counterpart.

AGREED:

_____ Plaintiff

Date: 10/30/16

_____ Counsel for Plaintiff

Date: 11/7/16

On Behalf of the Illinois Department of Corrections:

_____
Camile Lindsey
General Counsel
Illinois Department of Corrections

Date: 11/29/16