IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| AARON PIERCY, as Administrator of the Estate of Dale Piercy, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14 C 7398 |
| WHITESIDE COUNTY, et al., | ) ) | |
| Defendants. | ) | Judge Rebecca R. Pallmeyer |

**PLAINTIFF'S MOTION TO ORDER PAYMENT PURSUANT TO
SETTLEMENT AGREEMENT WITH IDOC DEFENDANTS**

Plaintiff Aaron Piercy, as Administrator of the Estate of Dale Piercy, respectfully asks the Court to reopen this case and issue an order directing the Illinois Department of Corrections to remit payment on behalf of the IDOC Defendants[1] in accordance with the terms of the settlement agreement, within thirty days, stating in support as follows:

1. Plaintiff finalized a settlement agreement with the IDOC Defendants in November 2016. Dkt. 335-1 at 7 (IDOC Settlement Agreement).

2. Paragraph 6 of the IDOC Settlement Agreement provides that Plaintiff's claims against the IDOC Defendants will be dismissed without prejudice until the Illinois

---

[1] The IDOC Defendants are Tarry Williams, Michael Lemke, Ricardo Tejeda, Nikki Robinson, Glen Elberson, Royce Brown-Reed, Ester Martin, Joy Vanderweit, Jennifer Encarnacion, Sampson Onwueyi, Sandra Gedminas, Craig Howard, Sarah Mays, Andria Bacot, David Barnes, Naveen Nagpal, Lorna Anders, Wendy Olsen-Foxon, Rebecca Buczkowski, Kimberly Aye, Bryan Sullivan, Alsheena Vaughn, Clarence Egbe, Lieutenant Brown, Herbert Hughey, Gayla Dickerson, Lieutenan Kirk, Philip Martin, Lieutenant Ware, Jeffery Nurse, Lieutenant Williams, Michael Buczkowski, Anthony Davis, Ralph Burkybile, Burnadine Damon, Maciej Tomczyk, Jason Weiner, Kenneth West, Angela Smith, Stephen James, Darrin Atkins, Michael Simmons, Kayla Brown, Lindsay Neill, Randa Uwainat, Johnny Frazier, Kesha Alvarez, Jeffery Clark, Robert Arndt, Sheila Backstrom, Lataya Crawford, Cesar Andrade, Rosalind Allen, Allan Hopkins, Bartholomew Allen, Officer Blair, Derek Anderson, Felicia Walton, Marc Anastacio, Officer Patterson, Stuart Maheia, Louis Kovach, Steven Selmon, Andrew Strub, Aaron Winters, James Porter, David Seyller, Oliver Henderson, Pedro Dominguez, Tulina Lindsey, Sergio Valle, Eddie Smith, Officer Raines, Robert Peterson, Brian Kierczynski, Ricardo Sarabia, Officer D. Batts, Antoinette Hinton, Officer Thomas, Konrad Boruta, Timothy O'Brien, Ghassan Hanna, Stephen Cornelius, Dorsey Douglas, Patrick McCarthy, Lyndell Fola, Steven Erickson, Officer Mitchell, Kristina Kashirsky, Joanne Warren, and Linda Parisi.

Comptroller pays the amount owed under the settlement, at which time the dismissal converts to being one with prejudice. *Id*. ¶6. The Settlement Agreement also provides that the Court retains jurisdiction over the claims against the IDOC Defendants until the Comptroller issues that payment. *Id*.

3. Pursuant to the Settlement Agreement, the IDOC Defendants filed an agreed motion for a good faith finding, and to dismiss. Dkt. 335.

4. The Court granted that Agreed Motion and dismissed the claims against the IDOC Defendants on December 21, 2016. Dkt. 340.

5. When Plaintiff and the IDOC Defendants reached their settlement, Illinois had long been without a budget. Therefore, the IDOC Defendants insisted that payment would not be due "until after the IDOC is appropriated a full fiscal year budget." Dkt. 335-1 ¶1.

6. The Illinois legislature passed a budget in June 2017, approximately five months ago. Nonetheless, as of the date of this filing, Plaintiff has not received any of the money that the IDOC agreed to pay him to settle this case.

7. Plaintiff's counsel has contacted counsel for the IDOC Defendants,[2] as well as contacting the comptroller's office directly about the outstanding payment. Through those efforts, counsel has confirmed that a voucher for payment was submitted in June 2017, but counsel has been unable to receive a firm estimate as to when the payment will be issued.

8. Because the Settlement Agreement expressly provided for the Court to retain jurisdiction to enforce the settlement, this Court has jurisdiction to enforce the settlement. *Dupuy v. McEwen*, 495 F.3d 807, 810 (7th Cir. 2007); *see also Wilson v. Wilson*, 46 F.3d 660,

---

[2] Both of the attorneys who have appeared for the IDOC Defendants in this case have left the Office of the Illinois Attorney General. Prior to their departure, Plaintiff's counsel spoke with counsel for the IDOC Defendants, who reported that all questions regarding payment would have to be directed to the Comptroller's Office. Following the filing of this motion, Plaintiff's counsel will forward a copy of the motion and notice to attorneys currently working in the Office of the Illinois Attorney General.

664 (7th Cir. 1995) (district courts have "the inherent or equitable power summarily to enforce an agreement to settle a case pending before it").

9. There can be no dispute that the parties reached an enforceable agreement in this case, the terms of which were reduced to writing and signed. *See People ex rel. Skinner v. Caudill Rowlett Scott*, 1527 N.E.2d 146, 151 (Ill. App. Ct. 1988) ("A settlement agreement is binding so long as there is clearly an offer to compromise and an acceptance, and there is a meeting of the minds as to the terms of the agreement.").

10. "Federal courts enforce settlement agreements by reference to state contract law." *Voso v. Ewton*, 2017 WL 365610, at *2-3 (N.D. Ill. Jan. 25, 2017) (citing *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016)). Where, as here, the agreement did not specify a time for payment, "a reasonable time will be implied" under Illinois law. *Rose v. Mavrakis*, 799 N.E.2d 469, 475 (Ill. App. Ct. 2003); *see also In re Marriage of Tabassum & Younis*, 881 N.E.2d 396, 408 (Ill. App. Ct. 2007) ("amount of time that constitutes a reasonable amount of time is a question of fact").

11. Illinois law requires most defendants in personal injury actions to pay settlements within thirty days of a signed settlement agreement. *See* 735 ILCS 5/2-2301(d). In this case, although the settlement agreement did not provide for a specific payment date, it did provide for payment to be made after Illinois passed a budget. As noted above, Illinois passed its budget more than four months ago, and so payment in this case is overdue.

12. Although the Illinois law requiring payment of settlements within thirty days of signed settlement agreements does not apply to actions against State employees, it still provides evidence of what a reasonable time for payment is in a personal injury case such as this one.

13. Given the substantial delay in payment and the fact that Plaintiff has been

unable to get a firm estimate for payment on his own, Plaintiff respectfully requests that the Court order the IDOC Defendants to pay the amount owed under the IDOC Settlement Agreement within thirty days. That would mean that payment was being made five months after it was due, when the State passed its budget in June 2017. If thirty days for payment is reasonable in cases not involving State employees, five months for payment is certainly reasonable in a case against State employees.

WHEREFORE, Plaintiff respectfully requests that the Court grant his motion and direct that the IDOC Defendants pay the amount owed under the Settlement Agreement within thirty days.

Respectfully Submitted,

/s/ Scott Rauscher
Mike Kanovitz
Scott Rauscher
Sarah Grady
Julia Rickert
LOEVY & LOEVY
311 N. Aberdeen St, 3rd Fl.
Chicago, Illinois 60607
Phone: (312) 243-5900
Fax:    (312) 243-5902

*Attorneys for Plaintiff*